USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT CAWTHON,

    Plaintiff,

v.

MGA ENTERTAINMENT, INC.

    Defendant.

Civil Action No. 1:19-cv-07666

**STIPULATED PROTECTIVE ORDER**

1.     Purpose. The parties to this action believe that disclosure and discovery activities in this action are likely to involve the production of certain information that constitutes trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and that good cause exists for the entry of this order pursuant to Fed. R. Civ. P. 26(c) to protect such trade secrets and confidential information from public disclosure and from use for any purpose other than this litigation, along with other confidential, private, or proprietary information. Accordingly, the parties hereby stipulate to and request the court to enter this Stipulated Protective Order, which shall govern the handling of any such information produced or disclosed by any Party or Non-Party in this Action.

2.     Definitions.

    2.1     Party: any party to this action, including all of its officers, directors, managers, and employees; as well as their retained consultants, Experts, Counsel and their support staffs.

2.2     Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained that are produced or generated in disclosures or in response to discovery in this matter, including but not limited to Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, testimony, transcripts, and tangible things.

2.3     Producing Party: a Party or Non-Party that produces Discovery Material in this action, either in response to a discovery request or otherwise.

2.4     Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined herein.

2.6     Non-Party: any person, association, partnership, corporation, limited liability company, or other entity (and each of their respective officers, directors, managers, employees, and counsel) not a Party to this action, but that nonetheless receives or produces Discovery Material in this action.

2.7     "Confidential" Discovery Material: Discovery Material that a Party or Non-Party believes in good faith contains nonpublic confidential, proprietary, private, trade secret or commercially sensitive information and accordingly qualifies for protection under the standards contained in Fed. R. Civ. P. 26(c), and that it has so designated pursuant to this Protective Order, regardless of whether such information be revealed during a deposition, contained in a document, or otherwise disclosed during this action.  Any Party may also

designate as Confidential Discovery Material any orally conveyed information, provided that the Party indicates that such information is confidential at the time of disclosure.

   2.8 <u>"Highly Confidential – Attorneys' Eyes Only" Discovery Material</u>: Discovery Material that a Party or Non-Party in good faith believes meets the criteria of paragraph 2.7 hereinabove but also contains extremely sensitive information such that disclosure to another Party or Non-Party would create a substantial risk of competitive disadvantage or business reputational injury to the Producing Party (as defined herein), including but not limited to highly sensitive technical information relating to research for and production of current products; technical, business and research information regarding future products; highly sensitive financial information, marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; trade secrets; any non-public pending or abandoned patent applications, either foreign or domestic; and any documents, information, or materials that relate to other proprietary information that the Producing Party in good faith reasonably believes is of such nature and character that disclosure of such information to any other Party or Non-Party would result in competitive disadvantage or business reputational injury to the Producing Party.

   2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

   2.10 <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

2.11    Counsel: attorneys, and their support staffs, who are retained to represent or advise a Party in this action, as well as in-house attorneys who are employed by a Party in this action.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not currently, has not been previously, and is not (at the time of retention) expected to become employed by a Party or a competitor of a Party.

2.13    Professional Vendors: persons or entities that provide litigation support services as outside contractors (e.g., photocopying, reprographics, videotaping, preparing exhibits or demonstrations, computer service personnel performing duties in relation to a computerized litigation system, etc.) and their employees and subcontractors.

3.    Duration. The provisions of this Protective Order and this Court's jurisdiction to enforce its terms, including but not limited to disputes regarding "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" designations, shall survive the conclusion of this litigation, and the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.    Designation of Protected Material.

4.1    Manner and Timing of Designation. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, the designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for the purposes of this Protective Order shall be made before the material is disclosed or produced and shall be made in the following manner by the Producing Party:

(a) For information in documentary form (other than transcripts of depositions or other pretrial or trial proceedings), including Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials and tangible things, by affixing the legend "CONFIDENTIAL" to each thing and each page that contains any Confidential Discovery Material and by affixing the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each thing and each page containing Highly Confidential – Attorneys' Eyes Only Discovery Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s), e.g., by making appropriate markings in the margin, and must specify for each portion what level of protection is being asserted (*i.e.,* whether "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY'). If a Producing Party makes documents or other tangible things available for inspection, it need not designate them for protection in advance of the inspection. For the purposes and duration of the inspection, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or things it wants copied and/or produced, the Producing Party shall designate the copies of such documents and things with the appropriate confidentiality marking, in the manner described above, at the time the copies are produced to the Receiving Party.

(b) For depositions or other testimony, either (i) by a statement on the record, by Counsel or by the Party or Non-Party offering, giving, or sponsoring the testimony, before the close of the deposition, hearing, or other proceeding, identifying all protected testimony and further specifying which portions of the testimony qualify as "CONFIDENTIAL" and which portions of the testimony qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS

EYES ONLY," or (ii) by written notice, sent by Counsel or by the Party or Non-Party that offers, gives, or sponsors the testimony, to all parties within fifteen (15) business days after receiving a copy of the transcript thereof. Each Party shall affix to all originals and copies of transcripts in its possession or control the appropriate confidentiality designations on each transcript page containing Protected Material. The parties shall treat all depositions and other testimony as Highly Confidential – Attorneys' Eyes Only Discovery Material until fifteen (15) business days after receiving a copy of the transcript thereof, after which time only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential – Attorneys' Eyes Only Discovery Material. Objections to such designations under this subsection shall be governed by the procedures set forth hereinbelow.

(c) <u>For information produced in some form other than documentary. and for any other tangible items.</u> By affixing in a prominent place on the exterior of the container(s) in which the information or item is stored the confidentiality designation (*i.e.,* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.2 <u>Exercise of Restraint and Care in Designation of Material for Protection</u>. Each Designating Party must take care to limit any designations to specific material that qualifies under the appropriate standards, and to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that portions for which

protection is not warranted arc not unjustifiably covered by this Order. Mass, indiscriminate, or routinized designations are prohibited. If it is brought or comes to a Party's or a Non-Party's attention that material that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.

4.3     <u>Inadvertent Failures to Designate or Inadvertent Disclosure of Confidential or Highly Confidential Information</u>. An inadvertent failure to designate qualified information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right in whole or in part to secure protection for such material under this Protective Order. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced or disclosed but as soon as reasonably possible after the Producing Party becomes aware of the inadvertent production or disclosure, the Receiving Party, on written notification of the designation by the Producing Party, must mark the materials accordingly and must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order as if they had been initially so designated.

4.4     <u>Inadvertent Disclosure.</u>

The inadvertent, unintentional, or in camera disclosure of Protected Material shall not, under any circumstances be deemed a waiver, in whole or in part, of any claims of privilege or confidentiality. The Producing Party shall immediately upon discovery notify the other Parties of the inadvertent disclosure in writing and provide replace Protected Material bearing the appropriate designation. Upon receipt of the foregoing written notice, the Receiving Party shall

make reasonable efforts to retrieve the Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material to any other persons not entitled to receive such Materials under this Protective Order as set forth in paragraph 7 hereinbelow.

      4.5    <u>No Waiver of Privilege</u>

Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. A Producing Party may assert privilege or work product protection over produced Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. Upon receiving such written notice, the Receiving Party shall not use for any purpose and shall return or destroy any privileged materials (and all copies, summaries, or other material containing such inadvertently produced privileged material) within seven (7) business days. If the Receiving Party chooses to destroy rather than return the original and all copies, it shall confirm such destruction in writing to the Producing Party. In addition, Discovery Material that contains privileged matter or attorney work product shall be immediately destroyed or returned, in accordance with this paragraph, if such information appears on its face to have been inadvertently produced.

      5.    <u>Challenging Confidentiality Designations</u>. A Party does not waive its right to challenge a confidentiality designation by electing not to challenge promptly after the original designation is disclosed. During the pendency of this action, any Party may object at any stage of these proceedings to the designation of any Discovery Material as Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material. In the event that any Party disagrees at any stage of these proceedings with the designation by the Designating Party, the Party challenging such designation (the "Challenging Party") shall first meet-and-

confer in a good faith effort to resolve the dispute by issuing such challenge: (i) in writing, (ii) served on Counsel of record for the Designating Party (or, if the Designating Party is a Non-Party, counsel for the Non-Party or an appropriate contact for an unrepresented Non-Party), and (iii) shall particularly identify the Protected Material that the Receiving Party contends should be differently designated and propose the modification or removal of the designation. If the dispute cannot be resolved, the Challenging Party may move for an order vacating or changing the designation. While such an application is pending, the Protected Material in question shall be treated as it has been designated by the Designating Party pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality, which shall remain on the Designating Party.

      6.      <u>Access to and Use of Protected Material</u>.

           6.1      <u>Generally</u>. A Receiving Party may use Protected Material and information derived therefrom solely for the purposes of prosecuting, defending, and/or attempting to settle this litigation, and shall not use it for any other purpose, including without limitation any business, proprietary, commercial, governmental, or litigation purpose, and shall not be publicized, revealed, or otherwise made available except as set forth herein. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order, and must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. After termination of this litigation, each Receiving Party shall comply with the provisions of Section 10, below, regarding final disposition. Nothing in this Order shall bar or otherwise restrict any Counsel from rendering advice to a Party-client in this litigation and, in the course thereof, relying upon such Counsel's examination and/or analysis of Protected Material,

provided, however, that in rendering such advice and in otherwise communicating with such Party, Counsel shall not disclose any Protected Material to persons not authorized to receive it pursuant to the terms of this Protective Order.

    6.2  <u>Disclosure of Confidential Discovery Material</u>. Unless otherwise ordered by the court or permitted in writing signed by the Designating Party, Discovery Material that is designated as "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

    (a)  Counsel of record in this action, as well as members of their firms, associate attorneys, paralegal, clerical, and other regular employees of such counsel to whom it is reasonably necessary to disclose the information;

    (b)  the officers, directors, managers, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c)  Experts (as defined in this Protective Order) and outside consultants retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

    (d)  the Court, including the appellate court, court personnel, and court reporters;

    (e)  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(f) Fact witnesses who a Party believes in good faith will testify in this litigation and have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A; and

(g) Any other person whom the Designating Party consents in writing may have access to such Protected Material.

6.3 <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Discovery Material</u>. Unless otherwise ordered by the court or permitted in writing signed by the Designating Party, Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to those individuals in sub-sections 6.2(a), 6.2(c), 6.2(d), and 6.2(e), but not to those persons identified in sub-section 6.2(b) other than House Counsel's legal department. House Counsel shall maintain any Discovery Material it receives that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" securely separate from those persons outside House Counsel's legal department, including by means of separate servers or password protected servers which person's outside the House Counsel's legal department do not have access to and cannot obtain access to, but excluding House Counsel's information technology (IT) department who may have access for purposes of maintaining and storing such Discovery Material in accordance with this provision.

6.4 <u>"Agreement to Be Bound By Protective Order" (Exhibit A)</u>. Except as exempted in Paragraphs 6.2 and 6.3 hereinabove, each person to be given access to Protected Material shall be provided with a copy of this Protective Order and shall be advised prior to disclosure (a) that the Protected Material is being disclosed subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that a

violation of the terms of the Protective Order by use of the Protected Material in any impermissible manner may subject the person to punishment for contempt of a Court Order. Prior to disclosure, each such person must read the Protective Order and must execute, in the form attached hereto as Exhibit A, an undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for the purposes of its enforcement (the "Agreement to Be Bound By Protective Order"). (Each Expert, consultant, or Professional Vendor who signs the Agreement to Be Bound By Protective Order may disclose Protected Material to its own staff assistants to whom disclosure is reasonably necessary for this litigation.) The original of each executed "Agreement to Be Bound By Protective Order" shall be retained by Counsel giving access to the Protected Material.

6.5 <u>Procedures for Disclosure of Protected Material to Non-Party Witnesses</u>. If Protected Material is to be the subject of examination in deposition of Non-Party witnesses not otherwise entitled access to such information under this Protective Order, the following procedures shall apply:

(a) Protected Material shall not be disclosed to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or by order of the Court;

(b) Upon receiving such consent or Court order, the Party seeking to disclose Protected Material during a deposition shall obtain the witness's agreement to be bound by this Protective Order and to be subject to the jurisdiction of the Court for its enforcement, either by execution of the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A or by agreement given on the record under oath;

(c) The requirements of sub-sections 6.6(a) and 6.6(b) shall not apply if the witness is a present or former employee or consultant of the Producing Party, or if the witness created or received the Protected Material during the course of such employment or consultancy;

(d) When Protected Material is to be disclosed or discussed during a deposition, the Producing Party (or Designating Party) may exclude from the deposition any person not entitled to have access to such Protected Material while it is being disclosed or discussed;

(e) Pages of transcribed deposition testimony or exhibits of depositions that reveal Protected Material must be designated appropriately and may not be disclosed to anyone except as permitted under this Protective Order.

7. <u>Unauthorized Disclosure of Protected Material</u>. If a Party or other individual bound by this Protective Order discloses, by inadvertence or otherwise, Protected Material to any person (or in any circumstances) not authorized under this Protective Order, then, in addition to any penalties to which such person (the "Disclosing Party") may be subject under this Order, the Disclosing Party shall use its best efforts to bind the unauthorized person to the terms of this Protective Order. Specifically, the Disclosing Party must (a) immediately notify in writing the Designating Party of the unauthorized disclosures, including the identity of the Protected Material and the identity of the person(s) to whom it was disclosed; (b) use best efforts to retrieve all copies of documents and things containing the inadvertently disclosed Protected Material; (c) promptly inform the person(s) to whom the unauthorized disclosures were made of all the terms of this Protective Order; (d) request that such person(s) execute the Agreement to

Be Bound By Protective Order that is attached hereto as Exhibit A; and (e) promptly serve any executed Agreement to Be Bound By Protective Order on the Designating Party.

8. <u>Filing Protected Material</u>. All documents of any nature, including briefs, that contain information of items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that are filed with the Court, shall be filed under seal in accordance with the Federal Rules of Civil Procedure, and Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Judge Schofield's Individual Rule I.D.

9. <u>Protected Material Subpoenaed or Ordered Produced In Other Litigation</u>. If anyone covered by this Protective Order is served with a subpoena, demand, order, or legal process in other litigation that seeks to or would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such person must so notify the Designating Party, in writing (including by email) immediately and in no event more than five (5) business days after receiving the subpoena, demand, order, or legal process. Where practicable, such notification must include a copy of the subpoena, demand, order, or legal process.

Such person also must immediately inform in writing the party who caused the subpoena, demand, order, or legal process to issue in the other litigation that some or all the material at issue is the subject of this Protective Order. In addition, such person must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena, demand, order, or legal process to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena, demand, order, or legal

process issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as requiring, authorizing or encouraging a served person to disobey a lawful directive from another court.

   10.  <u>Final Disposition</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within one hundred and twenty (120) days after receiving notice of the entry of an Order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Protected Material must return to Counsel for the Producing Party all such material, including all copies, abstracts, compilations, summaries, or any other form in which the Protected Material is reproduced or captured. With permission in writing from the Producing Party, which permission shall not unreasonably be withheld, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Return or destruction of the Protected Material shall be at the Receiving Party's expense, except that in the event that the Receiving Party requests permission to destroy some or all of the Protected Material and such permission is denied, return of such Protected Material shall be at the Producing Party's expense. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the one hundred and twenty (120) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the recipient has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Counsel shall make reasonable efforts to ensure that any Experts or consultants it retained abide by this provision. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. remain subject to this Protective Order as set forth in Section 3, above.

    11.    <u>Miscellaneous</u>.

        11.1    <u>No Waiver: Right to Assert Other Objections</u>. Entering into, agreeing to, and/or producing or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

        (a)    operate as an admission by any Party that any such Discovery Material contains or reflects trade secrets, proprietary or commercially sensitive information, or any type of confidential or private information;

        (b)    operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material or Highly Confidential – Attorneys Eyes Only Discovery Material;

        (c)    prejudice, waive, or abridge the rights of any Party to object to disclosing or producing any information, documents, or thing on any ground not addressed in this Protective Order;

        (d)    prejudice, waive, or abridge the rights of any Party to object on any ground to the use in evidence of any document, testimony, or other material subject to this Protective Order;

        (e)    prejudice, waive, or abridge the rights of any Party to seek a determination by the Court that any Discovery Material should not be subject to the terms of this Protective Order;

(f) prejudice, waive, or abridge the tights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice, waive, or abridge the rights of any Party to seek the modification of this Protective Order by the Court in the future;

(h) prejudice, waive, or abridge the rights of any Party to seek an order changing or vacating a designation;

(i) prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

11.2 <u>Disclosure of A Party's Own Material</u>. Nothing herein shall be construed to limit or restrict a Party's use or disclosure of its own Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" obtained lawfully by such Party independently of any proceeding in this action, or which: (a) at the time of disclosure was in the public domain; (b) after disclosure becomes part of the public domain, except through breach of this Protective Order by the Receiving Party or breach of any other obligation to maintain the information in confidence; (c) is demonstrably in Receiving Party's possession at the time of disclosure hereunder; (d) becomes available to the Receiving Party from a third party which, to the knowledge of the Receiving Party, is not legally prohibited from disclosing such Discovery Materials; or (e) the Receiving Party can demonstrate by written records was developed by or for the receiving independently of the disclosure of Protected Material hereunder.

11.3   Additional Parties. In the event additional parties join or are joined to the action, they shall not have access to Protected Material until the newly-joined party or its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order entered by the Court.

Respectfully Submitted,

| NISSENBAUM LAW GROUP, LLC | MGA ENTERTAINMENT, INC. |
|---|---|
| By ___/s/ Steven L. Procaccini_____<br>Steven L. Procaccini<br>*Attorneys for Plaintiff Scott Cawthon* | By ____/s/ Joseph A. Lopez _____<br>Joseph A. Lopez<br>*Attorneys for Defendant MGA Entertainment, Inc.* |

SO ORDERED

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: February 10, 2020
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON,<br><br>    Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT,<br><br>    Defendant. | Civil Action No. 1:19-cv-07666<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby declares under penalty of perjury that I have received, read carefully, and understand the Stipulated Protective Order in the above-captioned action, entered by the United States District Court for the Southern District of New York. I agree to comply with and be bound by all terms of the Stipulated Protective Order and understand that failure to comply could expose me to sanctions and punishments including contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the terms and provisions thereof, and that I will exert my best efforts to ensure compliance by employees who assist in any work involving material subject to this Stipulated Protective Order. I further consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Stipulated Protective Order and this Agreement to Be Bound, even if enforcement proceedings occur after termination of this action.

Date: _____  Signature _____

Print Name and Address:

_____

_____

_____

_____
**Employer or Business Affiliation**